IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Pamela Barr, as Personal Representative of the Estate of Quiauna Pratt, Deceased v. Bayer HealthCare Pharmaceuticals Inc., et al.* [1] | No. 3:13-cv-10701-DRH-PMF |
| *Whitney Bolling v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10824-DRH-PMF |
| *Evanda Carter, Personal Representative of the Estate of Takyah Carter, Deceased v. Bayer HealthCare Pharmaceuticals Inc., et al.* [2] | No. 3:13-cv-10795-DRH-PMF |
| *Noel Chiarelli, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* [3] | No. 3:13-cv-10887-DRH-PMF |
| *Hara Fineberg, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* [4] | No. 3:13-cv-10506-DRH-PMF |
| *Jennifer Fleming, et al. v. Bayer Corporation, et al.* [5] | No. 3:13-cv-10504-DRH-PMF |
| *Serena Holden v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10726-DRH-PMF |
| *Shakedra Hubbard, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* [6] | No. 3:13-cv-10526-DRH-PMF |

---

[1] This order applies to plaintiff Pamela Barr acting as representative of the estate of Quiauna Pratt.

[2] This order applies to plaintiff Evanda Carter acting as representative of the estate of Takiyah Carter.

[3] This order applies only to plaintiff Noel Chiarelli.

[4] This order applies only to plaintiff Julia Flynn.

[5] This order applies only to plaintiff Sonya Jackson.

[6] This order applies only to plaintiff Roxann Tasso.

| | |
|---|---|
| *Frances Justice v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10883-DRH-PMF |
| *Breann Kunkle v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10800-DRH-PMF |
| *Nikita Lindsay, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.*[7] | No. 3:13-cv-10502-DRH-PMF |
| *Donna Robertshaw, et al. v. Bayer HealthCare Pharmaceuticals Inc., et Al.*[8] | No. 3:13-cv-10510-DRH-PMF |
| *Krystal Seger, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.*[9] | No. 3:13-cv-10517-DRH-PMF |
| *Courtnee Sellner v. Bayer Corporation, et al.* | No. 3:13-cv-10694-DRH-PMF |
| *Megan Smith, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.*[10] | No. 3:13-cv-10587-DRH-PMF |
| *Kelly Stone, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.*[11] | No. 3:13-cv-10503-DRH-PMF |
| *Jenny Talasazan v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10727-DRH-PMF |
| *Aisha Williams v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10616-DRH-PMF |

## ORDER OF DISMISSAL WITHOUT PREJUDICE
## (Failure To Comply With PFS Obligations)

**HERNDON, District Judge:**

This matter is before the Court on the Bayer defendants' motion, pursuant to Case Management Order 12 ("CMO 12")[12] for an order of dismissal, without

---

[7] This order applies only to plaintiff Nikita Lindsay.
[8] This order applies only to plaintiff Karly Bracken.
[9] This order applies only to plaintiff Rita Hill.
[10] This order applies only to plaintiff Crystal Rodotz.
[11] This order applies only to plaintiff Kelly Stone.

2

prejudice, of the plaintiffs' claims in the above captioned cases for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff.  Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, plaintiffs in the above-captioned matters were to have served complete Fact Sheets between September 2013 to June 2014.  Per Section E of CMO 12, Bayer sent each plaintiff a Notice of Overdue Discovery on June 24, 2014.  Bayer's June 24 letters notified plaintiffs that they had until July 14, 2014 to produce complete Fact Sheets or else face dismissal pursuant to CMO 12.  As the filing of Bayer's motion to dismiss, Bayer still had not received complete Fact Sheets from any of the above-captioned plaintiffs.  Plaintiffs' Fact Sheets are now overdue by at least three months *and in some cases as much as a year*.

Under Section E of CMO 12, the above listed **plaintiffs were given 14 days from the date of Bayer's motion** to file a response either certifying that they served upon defendants and defendants received a completed PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.

---

[12] The parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable.  CMO 12 § A(2).

To date, none of the above listed plaintiffs has filed a response.

**Accordingly, THE COURT ORDERS AS FOLLOWS:**

As to the above listed plaintiffs, the motion to dismiss is **GRANTED**. **The claims of the above listed plaintiffs are hereby dismissed without prejudice.**

**FURTHER,** The Court reminds the **above listed plaintiffs** that, pursuant to CMO 12 Section E, **unless they serve the defendants with a COMPLETED PFS or moves to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**IT IS SO ORDERED.**

Signed this 6th day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.06 13:54:49 -05'00'

United States District Judge